# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

ROBERT ROY BEAN and )
JESSICA ELLEN BEAN, ) Case No. 04-34850
) Chapter 11
        Debtors, )
_____ )
)
ROBERT ROY BEAN and )
JESSICA ELLEN BEAN, )
)
        Plaintiffs, )
)
v. ) No.: 3:06-MC-0013
) (VARLAN/GUYTON)
COMMUNITY BANK OF LOUDON )
COUNTY, a Greene County Bank Office, )
)
        Defendant. )

## MEMORANDUM AND ORDER

Plaintiffs Robert R. Bean and Jessica E. Bean have filed a Motion to Withdraw

Reference [Doc. 1] in which they seek an order from this Court withdrawing the reference

to the Bankruptcy Court of their pending adversary proceeding, number 06-3049. As set

forth in their supporting memorandum [Doc. 2], the Beans, who are debtors and debtors in

possession in a pending Chapter 11 action, filed an adversary proceeding in Bankruptcy

Court on February 8, 2006 to determine the amount of a claim asserted by defendant

Community Bank of Loudon County and to determine the validity of the lien claimed by the

defendant in a tract of land. The validity of the lien is also one of the issues raised in a civil

action pending before this Court, *Robert Bean, et al. v. Greene County Bank, et al.*, number

3:04-CV-472. The Beans contend that, based on the similarities of the facts and relief sought, this Court should withdraw the reference to the Bankruptcy Court and consolidate the two matters for a single resolution pursuant to 28 U.S.C. § 157(d).

The defendant has responded in opposition [Doc. 3] to the motion on the grounds that the factors to be considered for withdrawal weigh against withdrawal and that the plaintiffs have not shown "good cause." The defendant contends that plaintiffs' motion is merely an attempt at forum shopping and that the adversary proceeding is a "core proceeding" which should be determined by the Bankruptcy Court. Further, the defendant contends that plaintiffs are estopped from requesting the Court to withdraw the reference based on their previous agreement to have the issues regarding the sale of the land to be tried by the Bankruptcy Court.

In reply [Doc. 4], the plaintiffs suggest that the defendant has precipitated the application to withdraw the reference based on the defenses asserted in the adversary proceeding. The plaintiffs acknowledge that the issues in the adversary proceeding are "core" issues under 28 U.S.C. § 157. Plaintiffs also suggest that the most efficient use of judicial resources would be for the two cases to be combined for a single determination.

As noted by both parties, 28 U.S.C. § 157(d) provides that the Court "may withdraw" a bankruptcy reference "for cause shown." The Court has carefully reviewed the parties' briefs and agrees with the reasons cited by the defendant. The issues raised in the adversary proceeding are appropriately pending before the Bankruptcy Court as a "core proceeding." Moreover, judicial resources will be better served by allowing such issues to be resolved by

2

the Bankruptcy Court, inasmuch as the issues are well within its area of expertise and familiarity with the Chapter 11 proceeding. Accordingly, the plaintiffs' motion to withdraw reference [Doc. 1] is **DENIED**.

Additionally, in an effort to prevent further confusion and to promote judicial economy, the Court hereby **STAYS** all proceedings in case number 3:04-CV-472 until the conclusion of all related proceedings in Bankruptcy Court. Within twenty (20) days of the conclusion of the Beans' bankruptcy litigation, the parties are **ORDERED** to file a status report with the Court in case number 3:04-CV-472. The Clerk is **DIRECTED** to file a copy of this order in case number 3:04-CV-472.

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3